# EXHIBIT F

# Buchanan

**John R. Previs**
412 562 8957
john previs@bipc com

Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA  15219-4413
T 412 562 8800
F 412 562 1041

August 16, 2023

**VIA EMAIL ONLY**

Craig E. Yaris, Esquire
Holon Law Partners
cyaris@holonlaw.com

      Re:    *Franchise Agreement Between GPI, LLC ("Franchisor") and Patriot Goose Control, Inc. ("Franchisee") dated July 21, 2014 (the "Franchise Agreement")*

Dear Mr. Yaris:

      At the direction of GPI, LLC ("GPI" or "Franchisor"), this Firm is responding to your letter addressed to Franchisor dated June 23, 2023 and resent to Jeremy Brown of GPI, LLC on August 1, 2023. Capitalized terms used in his letter without definition have the meanings given them in the Franchise Agreement.

      As an initial matter, we disagree that the Franchise Agreement has been rendered "null and void" as of the end date" of July 20, 2023. In this case, even if the defaults under the Franchise Agreement you allege actually occurred (which Franchisor denies), Franchisor has substantially performed the Franchise Agreement by providing Franchisee with, among other things: (a) a license to use its federally registered Proprietary Marks; (b) trained Border Collies, and (c) marketing advice.

      Your letter is the first time the Franchisor has received any notice from the Franchisee regarding purported "failures by GPI to perform its duties" or an alleged "material breach of the Agreement." The absence of any notices of default and the success of the Franchised Business over the last nine years are evidence that Franchisor has substantially performed the Franchise Agreement to the satisfaction of Franchisee. Thus, while the Franchise Agreement may have expired, it is not null and void.

      Your position is an obvious effort by the Franchisee, as well as Mr. Elliott Oren (as the personal guarantor of Franchisee's obligations under the Franchise Agreement) to avoid their

Craig E. Yaris, Esquire
August 16, 2023
Page - 2 -

post-expiration obligations under the Franchise Agreement, including the covenant not to compete.

    Sections 15 and 16 of the Franchise Agreement specify the actions Franchisee and Mr. Oren are required to take upon expiration of the Franchise Agreement and the actions Franchisee and Mr. Oren are then prohibited from taking. The affirmative actions, which your clients must take post-expiration, include the following:

1. Immediately cease to operate the Franchised Business;

2. Immediately and permanently cease to use the Proprietary Marks and the confidential methods, procedures and techniques associated with the System;

3. Cancel any assumed name registration obtained by Franchisee which contains the Mark "Geese Police" or any other Proprietary Marks;

4. Immediately deliver to Franchisor the Customer List relating to the Franchised Business; and

5. Pay in full all amounts owed to Franchisor.

    Pursuant to Section 15.7 of the Franchise Agreement, Franchisor also exercises its option for the Franchisee to assign to Franchisor all of the contracts with customers of the Franchised Business, and to immediately deliver to Franchisor the Manual and all other records, correspondence, and instructions containing confidential information relating to the operation of the Franchised Busine

    In addition, pursuant to the grant of a security interest and authorization to file granted by Franchisee to Franchisor in Section 24 of the Franchise Agreement, Franchisor has filed a UCC-1 Financing Statement against Franchisee covering the collateral described in Section 24.1 of the Franchise Agreement. The security interest secures not only payments due Franchisor from Franchisee but also the post-term non-competition and disassociation obligations of Franchisee described in Sections 15 and 15 of the Franchise Agreement. Please advise Franchisee and Mr. Oren of the need to preserve all of the collateral.

    Further, pursuant to Section 16.3 of the Franchise Agreement, Franchisee and Mr. Oren are prohibited from conducting a business involving the inhabitation of property by, and control of, birds and waterfowl located within at least the following locations: (1) the county or municipality in which the Approved Location is located; the Protected Territory; or one hundred fifty (150) miles of the Approved Location.

    Based upon our investigation to date, Franchisee and Mr. Oren have not complied with their post-termination obligations in Sections 15 and 16 of the Franchise Agreement. As should be clear to you now, Franchisor will not hesitate to exercise all its legal and equitable remedies.

Craig E. Yaris, Esquire
August 16, 2023
Page - 3 -

      Please immediately advise your clients regarding their preservation obligations, which include text messages. In addition, although our client attempted to have a business discussion with your client, it is clear that you and your client intend to handle this matter through formal proceedings.

                                    Very truly yours,

                                    **BUCHANAN INGERSOLL & ROONEY PC**

                                    John R. Previs

cc:    Jeremy Brown
        Diane Marcks
        Gretchen L. Jankowski, Esq.
        Matthew C. Pilsner, Esq.